RECEIV

SEP 2 5 ... 4   **IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| CHERRY COTTON | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | CASE #: |
| V. | ) | |
| | ) | |
| ST LOUIS PUBLIC SCHOOLS | ) | |
| | ) | |
| Defendant | ) | |

**Serve:  Registered Agent
         St Louis Public Schools
         Advisory Committee
         Echeal T. Feinstein
         801 North 11th Street
         St. Louis, MO 63101**

### COMPLAINT

**COMES NOW,** Plaintiff, CHERRY COTTON, Pro Se, and Complaint and for her cause

of action against Defendant states as follows:

### COMMON ALLEGATIONS TO ALL COUNTS

1.  The Plaintiff is a citizen of the United States and a resident of Belleville, County,

    Illinois, currently residing in the City of  Belleville, State of Illinois.

2.  Plaintiff is an African-American Female.

3.  Defendant, St Louis Public Schools  is a Corporation licensed to do business in

    the State of Missouri. At all times relevant to this action, Defendant was an

    employer, joint employer, or prospective employer as defined in 42 U.S.C.

    Section 2000e and it's place of business is 801 North 11th Street, St Louis, MO

    63101.

1

#### Jurisdiction

4. Plaintiff filed Administrative Complaint(s) of Race Discrimination, Retaliation, Hostile Work Environment and Sex Discrimination with the Missouri Commission on Human Rights.

   Charge(s) of Discrimination were filed with the Missouri Commission on Human Rights (MCHR) and by doing so, said charges were dually filed with the Equal Employment Opportunity Commission (EEOC), alleging race discrimination, Retaliation and Hostile Work Environment. Said Charges were designated as EEOC Charge #: 560-2012-00167.

5. On June 28, 2012 Plaintiff received Notice of Right to Sue on her Charge(s) of Discrimination concerning Retaliation and Race Discrimination / Hostile Work Environment and Sex Discrimination. A copy of said Notices are attached hereto as (EXHIBIT # 1)

6. The Plaintiff's Complaint is timely, as she filed this instant lawsuit within (90) days of receipt of the Right To Sue Letter.

7. COUNT I, of this Complaint is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., Sec. 2000(e) et seq. Jurisdiction for COUNT I, is invoked pursuant to 42 U.S.C. sec. 2000(e) -5(f), 28 U.S.C. sec. 1331 and 1343(3) and (4), and 28 U.S.C. sec 2201 and 2202.

8. COUNT II, is authorized and instituted pursuant to 42 U.S.C. sec. 1981.

9. COUNT III is authorized by the Missouri Human Rights Act, Mo Rev. Stat. Section 213 et.seq and under this Court's pendent Jurisdiction.

2

10. COUNT IV is authorized by the Missouri Human Rights Act, Mo Rev. Stat. Section 213 et.seq and under this Court's pendent Jurisdiction.

## ALLEGATIONS OF FACT

11. Plaintiff began working for Defendant September 22, 2008.

12. Throughout her tenure, Plaintiff performed her duties to the legitimate expectations of her employer and at times exceeding said expectations and was qualified and credentialed to perform all duties.

13. Plaintiff was subjected to different treatment based on her race, African-American and Sex, female.

14. Defendant has practiced and does practice racial discrimination in its discipline and firing policies, practices, and procedures, all affecting the terms and conditions of employment. Furthermore, defendant has given false and pretextual reasons for actions taken in regard to Plaintiff. All of this affected the terms, conditions and privileges of her employment. Defendant's actions and omissions described herein constituted differential treatment based upon race and have had a disparate impact upon Plaintiff.

15. Examples of the discrimination and specific instances of discriminatory practices for plaintiff include, but are not limited to the following:

    (a) *Differential Discipline—Plaintiff was disciplined for no legitimate reason.:* Plaintiff was given discipline or more severe discipline, in the form of discipline for reasonable complaints. No white employees in the peer position was subjected to ill treatment after their reasonable complaints; including being threatened with termination if she would

3

not cease expressing her reasonable concerns to the company, with no

prior warnings, whereas white employees received no discipline or less

severe discipline for the same type and or natured alleged infraction

and or behavior.

(b)     *Retaliation and Hostile Work Environment:* Plaintiff complained of

conduct she believed to be retaliatory in nature.  After said complaints,

Plaintiff was then advised that her employment was being terminated,

allegedly by seniority in an Reduction in Workforce (RIF), scenario.

(2) PLAINTIFF EMPLOYMENT WAS TERMINATED ON ABOUT August 15, 2011.


(3) Defendant, performed this RIF in a discriminatory manner, discriminating against

Plaintiff's race and gender. White and male employees, with less seniority did not

face the treatment of termination as the Defendant violated its own policies and

the law in engaging in the RIF.

(4) All of these actions described herein occurred in the Eastern District of Missouri.

(5) All of the actions described herein were taken by agents, servants or employees of

the defendant acting within the course and scope of their relationship and or

employment with Defendant.

## COUNT I –

## CLAIMS UNDER Title VII

### Racial Discrimination

Plaintiff re-alleges paragraphs 1 through 15 herein above.

4

16.    Defendant intentionally engaged in unlawful employment practices by
       discriminating against plaintiff based upon her race, all in violation of 42 U.S.C.
       sec. 2000(e) et. Seq, Title VII of the Civil Rights Act of 1964, as amended, by
       practices, acts, and omissions, as set out hereinabove.

17.    Defendant had clear knowledge and knew and or should have known, his actions
       were in violation of Title VII of the Civil Rights Act and 42 U.S.C section 1981.

18.    Defendant knew or should have known that its conduct as described herein
       involved an unreasonable risk of causing emotional distress to the plaintiff.

19.    As a direct and proximate result of defendant's unlawful acts, plaintiff has
       suffered:  Economic loss in the form of lost wages and lost benefits; vocational-
       professional losses in the form of a detrimental job record and diminished career
       potential; and personal injury in the form of embarrassment, humiliation and
       anxiety; Damage to personal and professional reputation; Emotional pain,
       suffering, inconvenience, mental anguish and loss of enjoyment of life.

20.    As a further direct and proximate result of defendant's unlawful acts, plaintiff is
       also entitled to such affirmative relief as may be appropriate, including, but not
       limited to, permanent injunction, declaration of rights, reinstatement, damages,
       lost wages and benefits, and his reasonable attorney's fees incurred herein and
       relevant to the advancement of this cause, pursuant to the provisions of Title VII
       of the Civil Rights Act of 1964; Including any expert witness fees, as provided by
       Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

   21. The discrimination described hereinabove against plaintiff by defendant was
intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct

he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE,** Plaintiff prays under COUNT I of his Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and , because of said unlawful employment practices, grant and award:

A Permanent injunction enjoining defendant, its officers, agents, employees, successors and assigns, and all persons acting in concert and or participating with defendant, from engaging in any employment practice which discriminates against persons because of race, including plaintiff herein; Reinstatement to her position with defendant; A judgment in an amount allowed by law for her actual, exemplary and punitive damages as will punish the defendant and deter similar unlawful, discriminatory, retaliatory and malicious acts in the future; awarding plaintiff the cost and expenses of this litigation, including reasonable attorney's fees as well as expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000e-5(k), as amended; and any such other relief as this Court deems just and proper.

## COUNT II –

## CLAIMS UNDER 42 U.S.C. Section 1981

## Racial Discrimination, Retaliation and Hostile Work Environment

Plaintiff re-alleges paragraphs 1 through 21 hereinabove.

22.     The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident

6

to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of 42 U.S.C. Section 1981. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

23. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

24. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

25. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

26. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct

he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE,** Plaintiff prays under COUNT II, of his Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and , because of said unlawful employment practices, grant and award:

A Permanent injunction enjoining defendant, its officers, agents, employees, successors and assigns, and all persons acting in concert and or participating with defendant, from engaging in any employment practice which discriminates against persons because of race, including plaintiff herein; Reinstatement to his position with defendant; A judgment in an amount allowed by law for his actual, exemplary and punitive damages as will punish the defendant and deter similar unlawful, discriminatory, retaliatory and malicious acts in the future; awarding plaintiff the cost and expenses of this litigation, including reasonable attorney's fees as well as expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000e-5(k), as amended; and any such other relief as this Court deems just and proper.

## COUNT III

### COGNIZABLE UNDER MISSOURI HUMAN RIGHTS ACT
### Race Discrimination

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

8

27. Plaintiff was treated worse than similarly situated white co-workers affecting terms and conditions of her employment because of her race.

28. Plaintiff was disciplined for no legitimate reason.

29. Similarly situated white employees were not subject to the behavior described herein above.

30. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Mo. Rev. Stat. 213 et. seq.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

32. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of Mo Hum Rights Act sect 213. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

33. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

34. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career

9

potential; and personal injury in the form of embarrassment, humiliation and

anxiety; Damage to personal and professional reputation; Emotional pain,

suffering, inconvenience, mental anguish and loss of enjoyment of life.

35. As a further direct and proximate result of defendant's unlawful acts, plaintiff is

also entitled to such affirmative relief as may be appropriate, including, but not

limited to, permanent injunction, declaration of rights, reinstatement, damages,

lost wages and benefits, and his reasonable attorney's fees incurred herein and

relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C.

Section 1981; Including any expert witness fees, as provided by Section 706(k) of

Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

36. The discrimination described hereinabove against plaintiff by defendant was

intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct

he knew or should have known would cause the herein damages; because of defendant's

evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to

exemplary damages.

37. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

(1) Direct Defendants to place Plaintiff in the position she would have occupied

but for the Defendants'' discriminatory treatment, and make her

whole for all earnings she would have received but for

Defendants' conduct including but not limited to wages and lost

benefits;

10

(2) Awarding Plaintiff the cost of this action, along with reasonable Attorney's

fees;

(3) Awarding Plaintiff compensatory damages, damages for mental anguish and

emotional distress, and damages for humiliation in the maximum

amount under the Missouri Human Rights Act;

(4) Awarding Plaintiff such punitive damages as will punish the Defendant and

deter future conduct along with any and all other relief allowed

by statute and as this court deems just and appropriate.

## COUNT IV

### COGNIZABLE UNDER  MISSOURI HUMAN RIGHTS ACT
### Retaliation / Hostile Work Environment

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding
paragraphs of her complaint.

38.    Plaintiff opposed the discriminatory conduct described hereinabove by making

internal complaint(s) to Defendant.

39.    Defendant failed to ameliorate and or address Plaintiff's concerns as mentioned

hereinabove.

40.    Plaintiff was threatened that if she did not stop expressing her concerns she would

be facing termination.

41.    Plaintiff advised Defendant high ranking personnel about her concerns.

11

42.   In response to the above notice that Plaintiff had complained, Defendant closely
      scrutinized Plaintiff's work; disciplined her for no legitimate reason  and treated
      her worse than others who had submitted complaints.

43.   The conduct described herein and herein above was taken by Defendant in
      response to Plaintiff's many complaints opposing discriminatory conduct and her
      notifying the Defendant of her concerns after Defendant failed to ameliorate the
      conduct of Plaintiff's complaints.

44.   By engaging in the behavior set forth herein above, Defendant engaged in conduct
      proscribed by Mo. Rev. Stat. 213 et. seq.

45.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered
      emotional distress as well as other damages and loss and is therefore entitled to
      monetary damages.

46.   The actions and inactions described hereinabove demonstrate that plaintiff was
      unlawfully discriminated against in the terms, conditions and privileges incident
      to his employment, such as, but not limited to, compensation, disparate treatment
      and retaliation and other considerations accorded other employees, because of her
      race, retaliation, all in violation of Mo Hum Rights Act sect 213. Defendant thus
      maintains a pattern, practice, and policy of racial and other discrimination and
      retaliation in employment opportunities, terms and conditions. Defendant gave
      false and pretextual reasons for actions taken in regard to plaintiff.

47.   Defendant knew or should have known that its conduct as described herein
      involved an unreasonable risk of causing emotional distress to the plaintiff.

12

48.    As a direct and proximate result of defendant's unlawful acts, plaintiff has
       suffered:  Economic loss in the form of lost wages and lost benefits; vocational-
       professional losses in the form of a detrimental job record and diminished career
       potential; and personal injury in the form of embarrassment, humiliation and
       anxiety; Damage to personal and professional reputation; Emotional pain,
       suffering, inconvenience, mental anguish and loss of enjoyment of life.

49.    As a further direct and proximate result of defendant's unlawful acts, plaintiff is
       also entitled to such affirmative relief as may be appropriate, including, but not
       limited to, permanent injunction, declaration of rights, reinstatement, damages,
       lost wages and benefits, and his reasonable attorney's fees incurred herein and
       relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C.
       Section 1981; Including any expert witness fees, as provided by Section 706(k) of
       Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

       50. The discrimination described hereinabove against plaintiff by defendant was
intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct
he knew or should have known would cause the herein damages; because of defendant's
evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to
exemplary damages.

51.    Defendant  is liable for the conduct described hereinabove.

       WHEREFORE, Plaintiff prays that this court:

       (1) Direct Defendants to place Plaintiff in the position she would have occupied
                      but for the Defendants'' discriminatory treatment, and make her
                      whole for all earnings she would have received but for

                                          13

Defendants' conduct including but not limited to wages and lost

benefits;

(2) Awarding Plaintiff the cost of this action, along with reasonable Attorney's

fees;

(3) Awarding Plaintiff compensatory damages, damages for mental anguish and

emotional distress, and damages for humiliation in the maximum

amount under the Missouri Human Rights Act;

(4) Awarding Plaintiff such punitive damages as will punish the Defendant and

deter future conduct along with any and all other relief allowed

by statute and as this court deems just and appropriate.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial on all the hereinabove raised issues.

Respectfully submitted,

Cherry M. Cotton

Cherry M. Cotton
Pro Se Plaintiff
818 Oxen Ct.
Belleville, IL 62221