UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERRY COTTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ST. LOUIS PUBLIC SCHOOLS, )<br>)<br>Defendant. ) | Case No. 4:12CV1735 JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 12). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Cherry Cotton ("Plaintiff") began working for Defendant St. Louis Public Schools ("Defendant") on September 22, 2008. (Complaint, ECF No. 1, ¶11). Plaintiff's employment was terminated on August 15, 2011. (Complaint, ¶15). Plaintiff dual-filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC), alleging race discrimination, retaliation, and hostile work environment. (Complaint, ¶4). On June 28, 2012, Plaintiff received her Notice of Right to Sue on her charge of discrimination from the EEOC. (Complaint, ¶5; ECF No. 1-1).

Plaintiff filed the instant lawsuit on September 25, 2012. Plaintiff alleges claims for race discrimination under Title II (Count I), for race discrimination, retaliation and hostile work environment under 42 U.S.C .§1981 (Count II), race discrimination under the Missouri Human Rights Act ("MHRA") (Count III), and retaliation and hostile work environment under the MHRA (Count IV).

**DISCUSSION**

**I.    MOTION TO DISMISS**

    A.    Standard

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008)(citation omitted).

    B.    Analysis

Defendant filed a motion to dismiss Counts II, III, and IV of the Complaint for failure to state a claim.

        1.    Count II

Defendant claims that Plaintiff has failed to plead the necessary elements for race discrimination, retaliation and hostile work environment under Section 1981.

            a.    Race

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." Gacek v. Owens & Minor Distrib., 666 F.3d 1142, 1146 (8th Cir. 2012). The Court applies "the same analysis to claims of discrimination under Title VII and 42 U.S.C. § 1981." Anderson v. Durham D&M, L.L.C., 606 F.3d 513, 520 (8th Cir. 2010); Takele v. Mayo Clinic, 576 F.3d 834, 838 (8th Cir. 2009); Gacek, 666 F.3d at 1146 ("Section 1981 claims are analyzed under the same framework as Title VII claims"). Here, Plaintiff alleges a §1981 race discrimination claim pursuant to her termination during a reduction in force (RIF). To establish a prima facie case of discrimination in the RIF context under Section 1981, a plaintiff must 1) show that she was within a protected group, 2) show that she met applicable job qualifications, 3) show that she was discharged, and 4) produce some additional evidence that race was a factor in her termination. Hughes v. Ortho Pharm. Corp., 177 F.3d 701, 705 (8th Cir. 1999)(citing Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 483-84 (8th Cir. 1997)).

Defendant contends that Plaintiff's race discrimination claim fails because she has not alleged that Defendant intentionally discriminated against her. Rather, Defendant asserts that Plaintiff alleges that a reduction in force was performed in a discriminatory manner. (Defendant's Memorandum in Support of its Motion to Dismiss ("Memorandum"), ECF No. 13, pp. 2-3 (citing Complaint, ¶15(3)). Defendant notes that a disparate impact claim is not permissible under §1981. (Id.). Section 1981 "'can be violated only by purposeful discrimination.'" Bennett v. Nucor Corp., 656 F.3d 802, 817 (8th Cir. 2011)(quoting Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982)).

Here, Plaintiff alleges that the RIF was performed in a discriminatory manner and that white and male employees with less seniority were not terminated, which violated Defendant's own policies. (Complaint, ¶15(3)). The Court finds that Plaintiff has not merely alleged that Defendant's

- 3 -

RIF had a disparate impact. Rather, Plaintiff alleges that Defendant acted in a purposeful, discriminatory manner that violated even its own policies. That is, Plaintiff alleges that Defendant's termination of Plaintiff's employment was based upon her race and was not merely an incidental effect of an otherwise lawful RIF. The Court finds that Plaintiff sufficiently alleges a cause of action under §1981 for race discrimination.

### b. Retaliation

The elements of a prima facie case of retaliation are that "(1) [the plaintiff] engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." Green v. Franklin Nat'l Bank of Minneapolis, 459 F.3d 903, 914 (8th Cir. 2006)(quoting Gilooly v. Mo. Dep't of Health & Senior Servs., 421 F.3d 734, 739 (8th Cir. 2005)). "Protected conduct is defined by federal law, which 'prohibits a[] [defendant] from discriminating against an employee who "has opposed any practice" made unlawful by Title VII, or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" under the statute.'" Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 684 (8th Cir. 2012)(quoting Hervey v. Cty. of Koochiching, 527 F.3d 711, 722 (8th Cir. 2008) (quoting 42 U.S.C. § 2000e-3(a)).

Defendant claims that Plaintiff failed to allege that she engaged in statutorily protected activity. (Memorandum, p. 3). In her Complaint, Plaintiff alleges that she "was given discipline or more severe discipline, in the form of discipline for reasonable complaints" and that she "complained of conduct she believed to be retaliatory in nature." (Complaint, ¶15(a)-(b)). Defendant contends that Plaintiff's vague allegations do not rise to the level of protected activity under Section 1981. (Memorandum, pp. 3-4).

The Court agrees that Plaintiff's retaliation allegations, as currently pled, fail to adequately allege a claim for retaliation. The Court grants Plaintiff leave to amend and provide more specific

allegations to support her claim for retaliation. Plaintiff must allege what specific conduct she complained of and outline any statutory basis for her retaliation claim. Plaintiff shall file her amended complaint by Friday, February 8, 2013.

      c.   Hostile Work Environment

"Title VII and § 1981 claims alleging a hostile work environment are analyzed under an identical standard." Eliserio v. USW, Local 310, 398 F.3d 1071, 1076 (8th Cir. 2005)(citing Elmahdi v. Marriott Hotel Services, Inc., 339 F.3d 645, 652 (8th Cir. 2003)). "'An employer violates Title VII 'if the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Gipson v. KAS Snacktime Co., 171 F.3d 574, 578 (8th Cir. 1999) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993)). "The claimant must show both that the offending conduct created an objectively hostile work environment and that he subjectively perceived the work environment to be hostile." Eliserio, 398 F.3d at 1076 (citing Bowen v. Mo. Dep't of Soc. Services, 311 F.3d 878, 883 (8th Cir. 2002)). "Whether an environment was objectively hostile or abusive must be judged by looking at the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." Eliserio, 398 F.3d at 1076 (citing Bowen, 311 F.3d at 884).

Defendant contends that Plaintiff has not alleged that she was subjected to unwelcome race-based harassment. (Memorandum, p. 5). Defendant contends that Plaintiff's Complaint does not allege that "she was subjected to intimidation, ridicule and insults because of her race, much less that any such conduct was sufficiently severe and pervasive to be actionable." (Id.).

The Court finds that Plaintiff has not alleged a hostile work environment claim at this time. The Court grants Plaintiff leave to amend her Complaint to allow her an opportunity to allege a hostile work environment claim. Plaintiff should identify all instances of "intimidation, ridicule, and insult" and also state why she believes that these actions were race-based. Plaintiff shall file her amended complaint by Friday, February 8, 2013.

2. Count III and Count IV

In Count III, Plaintiff alleges a race discrimination claim under the MHRA, and, in Count IV, Plaintiff alleges a retaliation/hostile work environment claim under the MHRA. Under Section 213.111.1, R.S. Mo., "the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint." And, "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." §213.111.1, R.S. Mo. "[T]his requirement is without exception[.]" Ressler v. Clay County, 375 S.W.3d 132, 139 (Mo. Ct. App. 2012).

Plaintiff alleges in her Complaint that she received the Notice of Right to Sue on her Charge(s) of Discrimination concerning Retaliation and Race Discrimination/Hostile Work Environment and Sex Discrimination on June 28, 2012, and claims that she attached these "Notices" as exhibit 1. (Complaint, ¶5). Plaintiff only attached her Right to Sue letter from the EEOC. (ECF No. 1-1).

Defendants claim that Plaintiff failed to timely file her MHRA claims after the receipt of her Right to Sue Letter from the MCHR. Although Defendant filed this as a motion to dismiss, Defendant asserts that the Court can consider the Right to Sue letter from the MCHR because Plaintiff references the "Notices" of her right to sue, even though she only attached her notice from

the EEOC. (Memorandum, p. 6, n. 3 (citing Grobe v. Vantage Credit Union, 679 F. Supp. 2d 1020, 1030 (E.D. Mo. 2010)).

Defendant contends that the MCHR issued Plaintiff's Right to Sue letter on May 22, 2012. (ECF No. 13-1). According to Defendant, Plaintiff should have filed her lawsuit no later than August 20, 2012. Plaintiff, however, did not file this lawsuit until September 25, 2012.

"On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account." Deerbrook Pavilion, LLC v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000). Thus, this Court can consider Plaintiff's Notice of Right to Sue issued by the MCHR on a motion to dismiss even though she did not attach the Notice to her Complaint because it is a matter of public record. See Lewey v. Vi-Jon, Inc., No. 4:11CV1341 JAR, 2012 U.S. Dist. LEXIS 71237, at *15, n.6 (E.D. Mo. May 22, 2012)(Charge of Discrimination with the MCHR on a motion to dismiss even though she did not attached the Charge to her Complaint); Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)(concluding that an EEOC charge is part of the public record, and thus a motion to dismiss is not converted to one for summary judgment by the attachment of a copy of the EEOC charge). The Notice of Right to Sue from the MCHR indicates that it was issued on May 22, 2012. Accordingly, Plaintiff's MHRA claims are untimely because they were not brought until September 25, 2012. The Court dismisses the MHRA claims in Counts III and IV of Plaintiff's Complaint as untimely.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**, in part, and **GRANTED**, in part. Plaintiff is granted until **Friday, February 8, 2013** to file an amended complaint. Counts III and IV of Plaintiff's Complaint are **DISMISSED**.

Dated this 25th day of January, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE