UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERRY COTTON, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 4:12-CV-1735 JAR |
| v. | )<br>) |
| ST. LOUIS PUBLIC SCHOOLS, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts IV, VI & VI of Plaintiff's First Amended Complaint (ECF No. 33). Count IV purports to allege a claim for common-law breach of contract, Count V purports to allege a claim for discriminatory breach of contract in violation of 42 U.S.C. §1981, and Count VI purports to allege a claim for violation of a "liberty interest" under 42 U.S.C. §1983.

Defendant asserts that because Plaintiff pleads in her First Amended Complaint that she was laid-off pursuant to a RIF, and not discharged from employment as a probationary teacher, she cannot state a claim for breach of contract or violation of 42 U.S.C. §§1981 or 1983. (Motion, ¶¶5-10). In addition, Defendant contends that a claim under §1981 cannot be brought directly against a state actor; such a claim must be brought under §1983. (Motion, ¶¶11-12). Finally, Defendant asserts that Count VI must be dismissed because Plaintiff has failed to plead the necessary elements to state a claim under 42 U.S.C. §1983. (Motion, ¶¶13-16).

In response to Defendant's Motion, Plaintiff concedes that she fails to state a claim with respect to her Section 1981 claim in Count V. (Plaintiff's Response to Defendant's Motion to

Dismiss Amended Complaint and Motion for Leave to Amend Pleadings ("Response"), ECF No. 36, ¶2). Accordingly, the Court dismisses Count V.

Plaintiff further contends that she sufficiently pled her common law contract theories and Section 1983 claim. (Response, ¶8). Plaintiff, nevertheless, moves the Court for leave to amend her pleadings so that she can add additional allegations and to clarify that "the gravamen of her claim is that she was selected for RIF for illegal reasons unrelated to the financial condition of the school district, and that she was unlawfully deprived of her constitutionally protected liberty interest established by express contractual terms, policy, and statute that requires that she be granted preferential treatment for rehire in the district for positions she is qualified for before any new teachers can be hired." (Id.). Plaintiff also seeks to add additional Defendants. (Response, ¶9). Plaintiff notes that the filing of the Second Amended Complaint would render Defendant's Motion to Dismiss moot. (Response, ¶11).

In reply, Defendant maintains that Plaintiff's Response fails to address the arguments in Defendant's Motion. (ECF No. 37, p. 2). Further, Defendant claims that any amendment of Plaintiff's Complaint would be futile and would do nothing to help her Section 1983 claim survive a motion to dismiss. (Id., pp. 3-4)

The Court hereby grants Plaintiff seven (7) days to file an amended complaint to correct any pleading deficiencies. "Leave to amend should be freely granted unless there are compelling reasons 'such as undue delay, bad faith, or dilatory motive ... undue prejudice to the non-moving party, or futility of the amendment.'" Alternate Fuels, Inc. v. Cabanas, 538 F.3d 969, 974 (8th Cir.2008) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992)). "Nothing in the record as it presently stands demonstrates with any certainty that Plaintiff is seeking to amend [her First Amended] Complaint for the purpose of causing undue delay, nor is it apparent that Plaintiff is

employing dilatory tactics." Bus. Integration Tech., Inc. v. Mulesoft, Inc., 4:10CV2185 FRB, 2011 WL 1630673, at *1 (E.D. Mo. Apr. 28, 2011). Plaintiff states that she wishes to amend her Complaint to refine and better state her causes of action, which can only benefit the parties and this Court. Id.

Further, the Court cannot determine at this time if amendment of Plaintiff's claims would be futile because Plaintiff failed to provide a copy of her proposed amended complaint. The Court, nevertheless, finds that Plaintiff should be allowed another opportunity to plead her case.

Finally, while Defendant expended resources to prepare and file a lengthy Motion to Dismiss Counts IV, VI & VI of Plaintiff's First Amended Complaint and memoranda in support, the filing of a Second Amended Complaint would not unduly prejudice Defendant. Defendant will be free to file a renewed Motion to Dismiss, if appropriate, after the Second Amended Complaint is filed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts IV, VI & VI of Plaintiff's First Amended Complaint [33] is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Counts V of Plaintiff's First Amended Complaint is **DISMISSED**.

**IT IS FINALLY ORDERED** that Plaintiff is granted seven (7) days from the date of this Order to file a Second Amended Complaint.

Dated this 28th day of May, 2013.

                                              **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**